**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY O'NEAL BROWN, | No. 2:14-CV-1475-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN N. KATAVICH, | |
| Respondent. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

   Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  While the petition is not the model of clarity, petitioner appears to challenge aspects of the conditions of his confinement.  For example, he complains of being strip-searched.  He also complains about conditions in administrative segregation.  He specifically mentions the Americans with

1

Disabilities Act and appears to allege the denial of adequate medical care. Nowhere in the petition does petitioner mention any arguments relating to his underlying conviction or sentence.

A cognizable habeas corpus claim under 28 U.S.C. § 2254 arises when a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). In the instant case, petitioner alleges facts consistent with a civil rights action under 42 U.S.C. § 1983. Because the facts alleged in this case do not relate to the fact or duration of petitioner's confinement, the matter is not the proper subject of a petitioner under § 2254.

Based on the foregoing, the undersigned recommends that the petition be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

2